UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL BUJALSKI, et al.,** | } |
| Plaintiffs, | } |
| v. | } Case No.: 7:13-cv-01446-MHH |
| **KOZY'S RESTAURANT, INC., et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

Plaintiffs Michael Bujalski, Tyler Lovell, Carrie Johnson-Moore, Bryant K. Davis, Courtland Hendricks, and Rebecca Doss sued defendants Kozy's Restaurant, Inc., Michael Allen, Claudia Allen, Phillip Kinard, and Killion Restaurants, Inc. for failure to adequately compensate the plaintiffs under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206. (Docs. 6, 22). The Court has dismissed the plaintiffs' claims against all of the defendants except for Michael Allen. On May 16, 2017, the Clerk of Court entered default against Mr. Allen because Mr. Allen has not responded to the plaintiffs' complaint. (Doc. 82). The plaintiffs now ask the Court to enter default judgment against Mr. Allen. (Doc. 83). For the reasons discussed below, the Court grants the plaintiffs' motion for default judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to defend a lawsuit, as in this case, the Clerk of Court may enter a clerk's default. FED. R. CIV. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the Court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. FED. R. CIV. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), the Court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). The Court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, the Court may consider evidence presented in the form of an affidavit or a declaration. *Frazier v. Absolute*

*Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II.  FACTS & ALLEGATIONS

Kozy's was a fine-dining restaurant in Tuscaloosa, Alabama. The plaintiffs worked at Kozy's as servers, bartenders, cooks, and hostesses until June of 2013. (Doc. 6, ¶¶ 9–15). During periods of their employment with Kozy's, Mr. Allen owned the restaurant. (Doc. 6, ¶ 4). The plaintiffs allege that Mr. Allen did not adequately compensate them for their work in March, April, May, and June of 2013, in willful violation of the FLSA. (Doc. 6, pp. 5–7). Mr. Allen has not appeared or responded to the plaintiffs' complaint.

## III.  ANALYSIS

### A.  Subject matter jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the plaintiffs' claims arise under the FLSA, a federal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal-question

jurisdiction may be based on a civil action alleging a violation of the Constitution[] or . . . a federal statute.").

B. **Personal jurisdiction**

A default judgment is valid only when the Court has personal jurisdiction over the defendant. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.") (alteration omitted). The plaintiffs allege that Mr. Allen is a resident of Alabama and that Mr. Allen was an "owner, principal, and officer" of Kozy's. (Doc. 6, ¶ 4). Before it closed in 2013, Kozy's was located in Tuscaloosa, Alabama. Mr. Allen was served in Alabama, and he has offered no evidence to contest the Court's jurisdiction. (Doc. 7). Accordingly, the Court finds that it may properly exercise personal jurisdiction over Mr. Allen.

C. **Liability under the FLSA**

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . $7.25 an hour." *See* 29 U.S.C. §

206(a).[1]  The plaintiffs allege that Kozy's was an enterprise engaged in interstate commerce.  (Doc. 6, ¶ 21).  The plaintiffs allege that Mr. Allen willfully failed to pay them the FLSA's hourly minimum wage during March, April, May, and June of 2013.  (Doc. 6, ¶¶ 26–28).  By not appearing or otherwise defending against the plaintiffs' claims, Mr. Allen has "admit[ted the plaintiffs'] well-pleaded allegations of fact" for purposes of liability.  *See Buchanan*, 820 F.2d at 361; p. 3, above.

The plaintiffs have testified regarding the amount of unpaid wages they contend Mr. Allen owes them.  (Docs. 86, 87, 89, 91, 94, 95).  In addition, the plaintiffs request an additional equal amount in liquidated damages for Mr. Allen's willful violation of the FLSA, as well as punitive damages and attorney's fees. (Doc. 83, pp. 1–2).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the plaintiffs' motion for default judgment against Mr. Allen.  The plaintiffs have testified regarding the amount of unpaid wages they contend Mr. Allen owes them.  (Docs. 86, 87, 89, 91, 94, 95).  In addition, the plaintiffs request an equal amount in liquidated damages for Mr. Allen's willful violation of the FLSA, as well as punitive damages and

---

[1] With respect to employees who receive more than $30 per month in tips—so-called "tipped employees"—the FLSA permits employers to apply a tip credit of up to $5.12 per hour when calculating the employees' wages. 29 U.S.C. § 203(t); *Stubbia v. Nopi Enters., Inc.*, 2012 WL 3687491, at *2 (S.D. Fla. Aug. 27, 2012).  Thus, an employer may pay a tipped employee $2.13 per hour without violating the FLSA.

attorney's fees.  (Doc. 83, pp. 1–2). The Court **SETS** the issue of damages and attorney's fees for a telephone conference at 3:00 p.m. on Tuesday, August 8, 2017.  Counsel of record shall please dial 877-848-7030 and enter access code 4974062 to participate in the call.

The Court asks the Clerk to please mail a copy of this order to Mr. Allen at 4840 Heatherwood Drive, Tuscaloosa, AL 35405.

**DONE** and **ORDERED** this August 1, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE